# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE MGM MIRAGE, DERIVATIVE LITIGATION | Case No. 2:09-CV-1815-KJD-RJJ <br><br> **ORDER** |

Before the Court is Plaintiff Mario Guerrero's ("Plaintiff") Motion to Stay (#94). Defendants opposed (#100) and Plaintiff replied (#109). To be clear, the Court initially ordered this case stayed "until . . . each of the defendants therein has filed an answer in the Securities Action . . . ." (#78 at 1 ¶1). Apparently this requirement was met in November of 2013 (#100 at 3 ll. 21-23). The appropriate course for the parties was to then file a motion to lift the stay, providing the Court notice of the occurrence of the condition. However, despite this deficiency, it is clear that both parties recognize that the stay has expired, and so the Court **HEREBY ORDERS** the stay be lifted.

Also before the Court is Plaintiff's Motion to Extend Time (#111). This motion treads dangerously close to seeking to hold the Court hostage to Plaintiff's preferences. While the Court seeks to address all motions in a timely, efficient, and effective manner, it is the Court and not the parties who exercise discretion in the management of its docket. In sum, Plaintiff suggests that he

will not respond to Defendants' Motions to Dismiss (##104, 106) until this Court either grants Plaintiff an extension of time or renders a decision on the Motion to Stay (#94).

I. Analysis

    A. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). "Among those competing interests are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). Further, where the petition to stay is founded upon the resolution of another matter, "[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court. Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 864 (9th Cir. 1979).

    B. Application

Turning to the possible damage from granting the stay, Defendants assert that they will be harmed if their potentially dispositive motion is not addressed in a timely manner. While dissipating the looming cloud of future litigation certainly is attractive to Defendants, any harm from the stay is minimal.

Turning to hardship or inequity in denying the stay, Plaintiff simply asserts that inefficiency and unnecessary duplication are the likely result. No further or concrete hardship or inequity is articulated.

Turning to the orderly course of justice, the pending motions to dismiss (## 104, 106) are based upon issues wholly unrelated to the reasons articulated for the stay. By definition these motions turn on questions of law for which no additional discovery is necessary. Accordingly, although other motions may provide substantive reasons not to proceed, the present motions do not.

Lastly, as to the resolution of the securities action which forms the entire premise for the stay, the parties have not provided any indication whatever of the timeline of the case other than to note that the case is currently in "full-blown discovery" (#95 at 1 l. 16). Accordingly, it appears unlikely that the securities action will be concluded in the near future. However, the Court notes that Defendants' motions to dismiss are not particularly urgent, as noted above.

II. Conclusion

The Court finds that application of the above factors fails to provide substantial direction for the resolution of this motion. The Court is generally persuaded that the issues in the securities action will inform the Court's disposition of this matter, and so is inclined to grant the stay. However, the Court is also interested in timely resolution of this matter, and the pending motions to dismiss do not implicate the securities action in any meaningful sense. Accordingly, the Court **HEREBY DENIES** the Motion to Stay (#94) in order to consider the pending motions to dismiss. If those motions are denied, the Court strongly encourages the parties to consider a joint stipulation to stay this matter pending the resolution of the securities action.

Further, Plaintiff's Motion to Extend Time (#111) is **HEREBY GRANTED**. Plaintiff must file any opposition to Defendants' Motions to Dismiss (##104, 106) on or before April 17, 2014.

Additionally, as noted above, the now-expired stay is **HEREBY LIFTED**.

DATED this 4th day of April 2014.

_____
Kent J. Dawson
United States District Judge