**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

In re MGM MIRAGE DERIVATIVE
LITIGATION

Case No. 2:09-cv-01815-KJD-RJJ

**ORDER**

Before the Court is Defendant MGM Resorts International's ("MGM") Motion to Dismiss (#104).  Defendants Alan Feldman, *et al.* filed a Notice of Joinder and Joinder in MGM's Motion to Dismiss (#106).  Plaintiff filed a response in opposition (#115) to which MGM replied (#122).  Also before the Court is MGM's Request for Judicial Notice (#105).

I.  Background

Plaintiff, Mario Guerrero, is a shareholder of MGM.  (#115 at 1; 12).  MGM is a Delaware Corporation.  (#104 at 2-3).  Plaintiff filed a verified shareholder derivative complaint ("Complaint") against MGM in September 2009.  (#1 at ¶ 1).  Plaintiff alleges that from August 2007 through March 2009, MGM's "senior officers and directors falsely represented the true financial state of MGM's business, operations, management and the intrinsic value of its common stock," in regards to the "construction of CityCenter, a massive, multi-billion dollar high rise on the Las Vegas strip."  (#115 at 3; 8-12).

The parties do not dispute that Plaintiff failed to make a demand on MGM's Board of Directors prior to filing his verified shareholder derivative action (#1), as required by Delaware law.  (#115 at 1; 16-19).  Plaintiff alleges that he was not required to make a demand on MGM's

Board as such demand would have been futile.  (#115 at 1; 18-19).

In March 2011, two shareholders of MGM, Kim and Israni, filed a joint amended shareholder derivative complaint in a Nevada state court against MGM alleging the same issues of demand futility that were raised in the Complaint.  (#104 at 7; 19-20).  MGM brought a motion to dismiss the shareholders' joint amended shareholder derivative complaint in the Nevada State court due to the shareholders' inability to establish demand futility.  (#104 at 8; 11-12).  The Nevada state court granted MGM's Motion to Dismiss holding that "[the shareholders] have not alleged with particularity that a majority of MGM['s] [] Board of Directors were legally disabled from considering a shareholder's pre-suit demand."  Kim v. Murren, 2012 WL 10218820, at *6 (Nev. Dist. Ct. May 15, 2012).  The shareholders appealed to the Nevada Supreme Court and the judgment of the Nevada state court was affirmed in December 2013. Kim v. MGM Mirage, No. 61101, 2013 WL 7156106, at *2 (Nev. Dec. 30, 2013).  In referring to the shareholders' joint amended shareholder derivative complaint, the Nevada Supreme Court held that the complaint "failed to demonstrate a reasonable doubt as to whether a majority of MGM's directors could exercise independent judgment and reasoning when considering a pre-suit demand."  Id. at *1.

In the shareholder derivative action before this Court, MGM filed a Motion to Dismiss Plaintiff's Complaint in March 2014.  MGM's main arguments for seeking to dismiss Plaintiff's Complaint are grounded in (1) issue preclusion, due to the previous Nevada Supreme Court affirmance, (2) Plaintiff's failure to establish demand futility, and (3) MGM's Certificate of Incorporation exculpatory provision, which immunizes the MGM Directors from personal liability for breaches of the duty of care.  (#104 at 1-3).

II.  Legal Standard for a Motion to Dismiss

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

2

8(a)(2); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions or a formulaic recitation of the elements of a cause of action."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555.  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter to 'state a claim for relief that is plausible on its face.'"  <u>Iqbal</u>, 556 U.S. at 678 (citation omitted).

In <u>Iqbal</u>, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions or mere recitals of the elements of a cause of action, supported only by conclusory statements, are not entitled to the assumption of truth.  <u>Id.</u> at 678.  Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  <u>Id.</u> at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  <u>Id.</u> at 678.  Further, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not show[n]—that the pleader is entitled to relief."  <u>Id.</u> at 679 (internal quotation marks omitted).  Thus, when the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.  <u>Twombly</u>, 550 U.S. at 570.

Moreover, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party."  <u>In re Stac Elecs. Sec. Litig.</u>, 89 F.3d 1399, 1403 (9th Circ. 1996) (citation omitted).

III.  Analysis

    A.  Judicial Notice

        i.  Legal Standard

Pursuant to Federal Rule of Evidence 201(b), the court may take judicial notice of a fact

that "can be accurately and readily determined from sources whose accuracy cannot reasonably

be questioned." Fed. R. Evid. 201(b)(2). Further, "a court may take judicial notice of 'matters

of public record.'" Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (internal

citation omitted). Therefore, a court may properly take judicial notice of a court order, as a court

order is a matter of public record. Kaufman v. Jesser, 884 F. Supp. 2d 943, 951 (D. Ariz. 2012).

### ii.  Analysis

Pertinent to the case at hand, MGM requests, among other items, that this Court take

judicial notice of (1) the Nevada state court Order Granting Motion to Dismiss, and (2) the

Nevada Supreme Court Order of Affirmance in Case Number 61101. see Kim, 2012 WL

10218820; Kim, 2013 WL 7156106. Because the Nevada state court Order Granting Motion to

Dismiss and the Nevada Supreme Court Order of Affirmance are matters of public record, the

Court will take judicial notice of these orders.

### B.  Issue Preclusion

#### i.  Legal Standard

28 U.S.C. § 1738 provides:

> The preclusive effect of a state court judgment in a subsequent federal lawsuit
> generally is determined by the full faith and credit statute, which provides that
> State judicial proceedings 'shall have the same full faith and credit in every court
> within the United States . . . as they have by law or usage in the courts of such
> State . . . from which they are taken[]' . . . [t]his statute directs a federal court to
> refer to the preclusion law of the State in which judgment was rendered.

Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985). In applying Nevada

issue preclusion law, four elements must be satisfied:

> (1) the issue decided in the prior litigation must be identical to the issue
> presented in the current action; (2) the initial ruling must have been on the
> merits and have become final; . . . (3) the party against whom the
> judgment is asserted must have been a party or in privity with a party to
> the prior litigation; and (4) the issue was actually and necessarily litigated.

Five Star Capital Corp. v. Ruby, 194 P.3d 709, 713 (Nev. 2008) (internal quotation marks

omitted).

### a.  Identical Issue

With respect to the first element, where there exists a "common issue" between a previously litigated action brought to final judgment and a subsequent action, Nevada issue preclusion bars the "common issue" from being relitigated in the subsequent action.  LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada, 997 P.2d 130, 134 (Nev. 2000) (citing Executive Mgmt., Ltd. v. Ticor Title Ins. Co., 963 P.2d 465, 473 (Nev. 1998)).  For example, in LaForge, the plaintiff was terminated from his employment and thereafter brought several causes of action against his former employer in federal and state court.  LaForge, 997 P.2d at 132-33.  The federal court granted a motion to dismiss the plaintiff's claims.  Id. at 133.  One year later, the Nevada state court granted defendant's motion for summary judgment on the grounds that "issue preclusion prevented appellant from pursuing his claims in state court."  Id. at 133.  The plaintiff argued that issue preclusion did not prevent his state action from moving forward as the issues in the federal action were not identical to the issues raised in the state action.  Id. at 133.

After a review of the record, the Nevada Supreme Court found that in both the federal and state actions there existed the same issue of  "whether [] [defendants], in terminating [] [plaintiff's] employment, were obligated to do anything else in addition to what [] [defendants] did."  Id. at 134.  Thus, the Nevada Supreme Court held that there was a "common issue in both the federal and state actions" which required the doctrine of issue preclusion to bar plaintiff's suit in the subsequent state action.  LaForge, 997 P.2d at 134.

### b.  Final And On The Merits

With respect to the second element, an initial ruling is final where all the issues in a case have been disposed of and nothing remains for future consideration by the court.  Lee v. GNLV Corp., 996 P.2d 416, 417 (Nev. 2000).  Thus, the Nevada Supreme Court adopts the view that the "finality of a district court's order depends . . . on what the 'order' . . . substantively accomplishes."  Id. at 417.  Further, Nevada Rule of Civil Procedure 41(b) states that "a

dismissal under this subdivision and any dismissal not provided for in this rule, other than dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." Five Star Capital Corp., 194 P.3d at 715.  In interpreting the preclusive effect of Nevada state court judgments concerning demand futility, our sister courts "have found that the demand futility issue is final and on the merits.  Arduini v. Hart, 2012 WL 893874 at *3 (D. Nev. Mar. 14, 2012) (citing In re Sonus Networks, Inc., S'holder Derivative Litig., 499 F.3d 47, 59-60 (1st Cir. 2007)).

### c.  Same Party or In Privity With The Party To The Previous Action

#### 1.  Same Party

With respect to whether the party against whom the judgment is asserted is the same party in subsequent litigation, the Nevada Supreme Court explained that "so-called derivative suits allow shareholders to 'compel the corporation to sue' and to thereby pursue litigation on the corporation's behalf." Shoen v. SAC Holding Corp., 137 P.3d 1171, 1179 (Nev. 2006).  The Supreme Court of the United States explains a derivative action as allowing a shareholder "to step into the corporation's shoes and to seek in its right the restitution he could not demand in his own." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 548 (1949).

In Arduini, plaintiff shareholder sought to bring a derivative suit against the company's board of directors alleging claims identical to those brought in a previous shareholder derivative suit. Arduini, 2012 WL 893874 at *1.  The Court dismissed the complaint on Nevada issue preclusion grounds noting that "plaintiffs in a shareholder derivative action represent the corporation, and therefore the question of whether demand on the board of directors would have been futile is an issue that is the same no matter which shareholder serves as plaintiff." Arduini, 2012 WL 893874 at *3 (citing In re Sonus Networks, Inc., 499 F.3d at 64).  Although Arduini is not controlling law, there is a dearth of Nevada state law concerning issue preclusion.  Thus, the Court finds the reasoning in Arduini persuasive.

2.  Privity

With respect to whether privity exists, the Nevada Supreme Court adopted the

Restatement (Second) of Judgments section 41, which provides that:

> (1) A person who is not a party to an action but who is represented by a party is
> bound by and entitled to the benefits of a judgment as though he were a party.  A
> person is represented by a party who is:
>> (a) The trustee of an estate or interest of which the person is a beneficiary;
>> or
>> (b) Invested by the person with authority to represent him in an action; or
>> (c) The executor, administrator, guardian, conservator, or similar fiduciary
>> manager of an interest of which the person is a beneficiary; or
>> (d) An official or agency invested by law with authority to represent the
>> person's interest; or
>> (e) The representative of a class of persons similarly situated, designated
>> as such with the approval of the court, of which the person is a member.
> (2) A person represented by a party to an action is bound by the judgment even
> though the person himself does not have notice of the action, is not served with
> process, or is not subject to service of process.

Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc., 321 P.3d 912, 917 (Nev. 2014).

Regarding Restatement (Second) of Judgments section 41, the Nevada Supreme Court

explicitly adopted the "examples of privity that arise[] when a plaintiff's interests are being

represented by someone else . . . because [they] provide[] a clear framework for determining

whether privity exists."  Id. at 917-18; see Pyott v. La. Mun. Police Employees' Ret. Sys., 74

A.3d 612, 617 (Del. 2013) ("[B]ecause the real plaintiff in a derivative suit is the corporation,

'differing groups of shareholders who can potentially stand in the corporation's stead are in

privity for purposes of issue preclusion.").  Thus, Restatement (Second) of Judgments section 41

provides a non-exhaustive list of the types of relationships that result in privity.  Id. at 917-918.

d.  Issue Actually And Necessarily Litigated

With respect to the fourth element, "Nevada's issue-preclusion test requires that an issue

be 'actually litigated' and not simply that a party had an opportunity to litigate the issue."  In re

Sandoval, 232 P.3d 422, 425 (Nev. 2010) (citing Five Star Capital Corp., 194 P.3d at 714).

1    Further, the moving party "has the burden of proving the preclusive effects of the judgment."

2    Bower v. Harrah's Laughlin, Inc., 215 P.3d 709, 718 (Nev. 2009) (citing Bennett v. Fidelity &

3    Deposit Co., 652 P.2d 1178, 1180 (Nev. 1982)).

4         Finally, Nevada's doctrine of "[i]ssue preclusion 'is based upon the sound public policy

5    of limiting litigation by preventing a party who had one full and fair opportunity to litigate an

6    issue from again drawing it into controversy.'"  Id. at 718.  Thus, issue preclusion doctrine seeks

7    to "end[] litigation and lend[] stability to judgments, thus inspiring confidence in the judicial

8    system."  Id. at 718.

9              ii.  Analysis

10                  a.  Identical Issue

11        Here, like in LaForge, there exists a "common issue" in both the previous and the current

12   litigation.  Plaintiff argues that the *facts* supporting the demand futility issue brought in the

13   Nevada state court are not identical to the *facts* supporting the demand futility issue before this

14   Court because the "state court plaintiffs did not have access to internal MGM documents

15   detailing what the Board knew about the allegations in the Complaint." (#115 at 26; 9-11).

16   Additionally, Plaintiff argues that the Nevada state court did not have the benefit of a related

17   securities action order, issued by our sister court in September 2013.  The related securities

18   action order dismissing the Defendant's Motion to Dismiss, argues Plaintiff, "validates (at least

19   indirectly) that many of the alleged false statements detailed in Mr. Guerrero's Complaint are

20   well-pled[]" and impact demand futility.  (#115 at 27; 5-6).

21        As Defendant correctly points out, such access to new information does not raise an issue

22   different from the demand futility issue raised in the state court.  (#122 at 6; 12).  Access to the

23   related securities action order and Plaintiff's possession of additional internal MGM documents

24   ///

25   ///

26   ///

8

are simply irrelevant.[1]  Demand futility is the "common issue" in both proceedings.  Therefore, the Court finds that the first element of Nevada's issue preclusion law has been satisfied.

### b.  Final And On The Merits

Plaintiff fails to allege that the Nevada state court order dismissing the shareholders' derivative action was not final and on the merits.  Here, the Nevada state court order was final and on the merits.  The Nevada state court thoroughly analyzed and disposed of the demand futility issue on substantive grounds.  MGM's motion to dismiss was granted with prejudice, thus leaving nothing more for the Nevada state court to consider regarding demand futility.  Because the Nevada state court order dismissed the derivative action, was signed by the judge, and was affirmed by the Nevada Supreme Court, the order was final.

Also, the Nevada state court order dismissing the shareholders' derivative action was on the merits.  The Nevada state court dismissed the shareholders' derivative action on demand futility grounds, not on (1) lack of jurisdiction, (2) improper venue, or (3) failure to join a party.  Thus, pursuant to NRCP 41(b), the Nevada state court order was adjudicated upon the merits.  This same result has been reached by our sister courts regarding demand futility.  Therefore, the Court finds that the second element of Nevada's issue preclusion law has been satisfied.

### c.  Same Party Or In Privity With The Party To The Previous Action

#### 1.  Same Party

Despite the shareholders in the Nevada state court derivative action being different individuals from the Plaintiff in this case, the real plaintiff in both actions is MGM because a shareholder in a derivative action steps into the corporation's shoes and sues on behalf of the company.

---

[1] Plaintiff, in the alternative, seeks to amend his Complaint to "specifically allege in detail how the September 26, 2013 Order and the internal MGM documents impact demand futility."  (#115 at 27; 15-18).  As the "common issue" before the Nevada state court and this Court is demand futility, additional facts supporting demand futility are irrelevant.  Therefore, Plaintiff's request to amend his Complaint is denied.

2.  Privity

Further, despite the Plaintiff correctly stating that the Nevada Supreme Court has adopted Restatement (Second) of Judgments section 41 as the standard for determining whether a party is in privity to a party in a prior action for issue preclusion purposes,[2] the Plaintiff is incorrect in implying that Restatement (Second) of Judgments section 41 is an exhaustive list of privity examples.  Simply because the Plaintiff does not fit into any of the types of privity examples enumerated within Restatement (Second) of Judgments section 41, it does not necessarily follow that the Plaintiff is not in privity with the shareholders in the Nevada state court action.

Under Nevada issue preclusion law, it is unclear whether Plaintiff is the same party or merely in privity with shareholders in the previous Nevada state action.  However, it is clear that Plaintiff is one or the other.  Therefore, the Court finds that the third element of Nevada's issue preclusion law has been satisfied.

d.  Issue Actually And Necessarily Litigated

The demand futility issue was actually litigated and dispositive in both the Nevada District Court and the Nevada Supreme Court.  see  Kim v. Murren, 2012 WL 10218820 (Nev. Dist. Ct.), 6; Kim v. MGM Mirage, 61101, 2013 WL 7156106 (Nev. Dec. 30, 2013).  Therefore, the Court finds that the fourth element of Nevada's issue preclusion law has been satisfied.

The application of issue preclusion to the case at hand furthers the public policy goals of Nevada's issue preclusion doctrine by "preventing a party who had one full and fair opportunity

---

[2] Plaintiff's convoluted attempt to raise "standing" is without merit.  Plaintiff argues that the previous shareholders lacked "standing" because they insufficiently pled demand futility.  Then, Plaintiff argues that because the previous shareholders lacked "standing" there exists no privity between Plaintiff and the previous shareholders.  Finally, Plaintiff argues that because there exists no privity between Plaintiff and the previous shareholders, Plaintiff is not barred from pleading demand futility.  However, Plaintiff's argument is without merit because (1) the argument is based on a single, overruled Delaware case, and (2) here, Nevada law governs issue preclusion, not Delaware law.  Further, the issue of demand futility (here, "standing") examines whether or not the corporation's board is independent and disinterested in making decisions on behalf of the corporation.  Demand futility is not concerned with the character of the shareholders.  Thus, "standing" is the same for all shareholders irrespective of which shareholder brings a derivative action.

10

to litigate an issue from again drawing it into controversy." Bower, 215 P.3d at 718.  In addition, application of issue preclusion promotes Delaware's demand futility goals by preventing the continued dissipation of MGM's assets, as the purpose of the "demand" requirement would be eviscerated if every shareholder were permitted to file suit separately on behalf of the company.

Because this case must be decided on the basis of issue preclusion, the Court does not delve into the merits of (1) demand futility, nor (2) MGM's Certificate of Incorporation exculpatory provision.  However, the Court predicts that such analyses would lead to the same conclusions reached in the Nevada state case.

V.  Conclusion

In construing the facts in the light most favorable to the Plaintiff, the Court finds that the Nevada state court orders preclude this Court from granting the Plaintiff the relief sought; Plaintiff has failed to state a claim upon which relief may be granted.

Accordingly,

**IT IS HEREBY ORDERED** that MGM's Request for Judicial Notice (#105) is **GRANTED** in part and **DENIED** in part as moot;

**IT IS FURTHER ORDERED** that MGM's Motion to Dismiss (#104) is **GRANTED**;

**IT IS FURTHER ORDERED** that Defendants' Joinder in MGM's Motion to Dismiss (#106) is **DENIED** as moot;

**IT IS FURTHER ORDERED** that Plaintiff's request to amend his Complaint is **DENIED** as moot.


DATED this 30th day of June 2014.


_____
Kent J. Dawson
United States District Judge

11