# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| In re MGM MIRAGE DERIVATIVE LITIGATION | Case No. 2:09-CV-1815-KJD-RJJ<br><br>**ORDER** |

This matter was dismissed and judgment entered previously (##123, 124). Nevertheless, before the Court is a recently filed Motion to Intervene (#125). The motion consists of a single paragraph, hand-written, and filed by parties entirely unknown to the Court. As it appears that Movants are *pro se*, their submissions to the Court are "to be liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation omitted). Accordingly, the Court will liberally construe the motion. "[H]owever, a *pro se* litigant is not excused from knowing the most basic pleading requirements." Am. Ass'n of Naturopathic Physicians v. Hayhurst, 227 F.3d 1104, 1107 (9th Cir. 2000).

Movants assert that their motion is based in Rule 24. The Court presumes Movants mean Federal Rule of Civil Procedure 24. Rule 24 requires that motions to intervene be "timely" filed. Fed. R. Civ. P. 24(a), 24(b)(1). It is almost certain that a motion to intervene is untimely when filed after judgment has been entered. It is absolutely untimely when no justification for such late filing is offered.

Further, Rule 24(c) requires the motion to "state the grounds for intervention and be

accompanied by a pleading that sets out the claim or defense for which intervention is sought."
Id. at 24(c). The grounds are stated as follows: "Intervenors will provide Questions of laws and Facts that are common in this Action. We Have MGM Mirage evidence." This is wholly insufficient. Further, nowhere do Movants set out the claim or defense for which intervention is sought.

Accordingly, for all of the above reasons, the Court **HEREBY DENIES** Movants' Motion to Intervene (#125).

DATED this 18th day of July 2014.

_____
Kent J. Dawson
United States District Judge